# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In Re* Third Party Subpoena to Boris Malyugin, M.D. Ph.D.<br><br>c/o The Marcus Firm, PLLC<br>1730 Rhode Island Avenue, N.W., Suite 713<br>Washington, D.C. 20036<br><br>―――――――――――――――――<br><br>ICONLAB INC., a California corporation, ICON LAB GmbH, a German Corporation, REPER-NN, CO. LTD., a Russian corporation,<br><br>            Plaintiffs,<br><br>    vs.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., a Delaware corporation; BAUSCH & LOMB INCORPORATED, a New York corporation; ANADOLU TIP TEKNOLOJILRI URETIM PAZARLAMA ITHALAT IHRACAT TICARET ve SANAYI ANONIM SIRKETI, a Turkish corporation, and DOES 1-20, inclusive,<br><br>            Defendants.<br>―――――――――――――――――  | Misc. Case No. _____<br><br><br><br><br><br><br><br><br><br>Case No. 8:16-cv-01321-LJS-KES<br>United States District Court for the Central District of California, Southern Division<br>Judge: Hon. Josephine L. Staton |

**MEMORANDUM IN SUPPORT OF NON-PARTY BORIS MALYUGIN'S, M.D., Ph.d.'s**
**<u>EMERGENCY MOTION TO STAY AND QUASH THIRD-PARTY SUBPOENA</u>**

Dr. Boris Malyugin is a Russian citizen and resident of Moscow who is visiting

Washington, D.C. for several days to present his research and participate as an instructor in

twelve sessions of the annual meeting of the American Society of Cataract and Refractive

1

Surgery and the American Society of Ophthalmic Administrators.[1]  The annual meeting is being held at the Walter E. Washington Convention Center and runs from Friday, April 13, 2018 to Tuesday, April 17, 2018.

On Sunday April 15, 2018 at approximately 3:00 p.m., and while Dr. Malyugin was participating in the annual meeting, he was served with a third-party subpoena seeking to take his deposition and demanding the production of documents less than two days later on Tuesday, April 17, 2018 at 10:00 am at Regus Business Center, 2200 Pennsylvania Avenue, N.W., 4th Floor East Boardroom, Washington, D.C. 20037.  Att. "1" hereto (First Malyugin Dec. at ¶2 and Exh. 2 thereto).  The subpoena seeks Dr. Malyugin's testimony and documents in connection with a lawsuit pending in the U.S. District Court for the Central District of California ("California Litigation").  The subpoena was served on behalf of two defendants in the California Litigation -- Valeant Pharmaceuticals International, Inc. and Bausch & Lomb Incorporated ("Defendants").

Defendants' subpoena violates three fundamental requirements prescribed by Rule 45 of the Federal Rules of Civil Procedure for compelling the attendance of a non-party witness and the production of documents at a deposition.

First, Rule 45(d)(3)(A)(i) requires that the subpoena must "allow a reasonable time to comply."  Here, the subpoena was served less than two days before the date noticed for

---

[1] Dr. Malyugin is a prominent Russian ophthalmologist who is Professor of Ophthalmology and Deputy Director General of Research and Development and Education at the S. Fyodorov Eye Microsurgery Federal State Institution, a leading eye care provider based in Moscow and providing eye care throughout Russia.  He is currently the President of the Russian Ophthalmology Society. See https://esaso.org/team/malyugin-boris/.

deposition – an extremely short notice period that multiple federal courts, including this court, have held falls far below the minimum required notice period.

Second, Rule 45(d)(3)(A)(ii) requires that the deposition be held "within 100 miles of where the person resides, is employed, or regularly transacts business in person." As stated in Dr. Malyugin's attached Declaration, Dr. Malyugin lives in Moscow and is neither employed nor regularly transacts business in Washington, D.C. Att. "2" hereto (Second Malyugin Dec. at ¶¶6-9).

Third, Rule 45(d)(3)(A)(iv) requires that the subpoena not impose an "undue burden" on the deponent. As Dr. Malyugin's conference schedule shows, he is presenting at five sessions on April 17th – the day scheduled for his deposition, including three sessions that directly conflict with the time of the deposition. First Malyugin Dec. (Att. 1) at ¶1 and Exh. 1 thereto. Moreover, the subpoena contains 16 requests for the production of documents imposing an oppressive and impossible burden given that Dr. Malyugin is busy participating in a national conference, he was been given less than two days' notice, and his documents are in Moscow, not Washington, D.C. Att. 1 at Exh. 2.

Defendants should not have served a subpoena in flagrant violation of Rule 45's requirements. This Court should quash Defendants' subpoena and award Dr. Malyugin his reasonable attorneys' fees.

## I.     FACTUAL BACKGROUND

Dr. Malyugin is a Russian citizen who lives and works in Russia. Second Malyugin Dec. (Att. 2) at ¶1. Dr. Malyugin is not a resident, citizen, or national of the United States, he does not reside within 100 miles of the District of Columbia, and he is not employed within 100 miles

of the District of Columbia.  *Id*. at ¶¶6-8.  Further, Dr. Malyugin does not regularly transact business in person within 100 miles of the District of Columbia.  *Id*. at ¶9.

On or about November 24, 2016, Dr. Malyugin executed a declaration at the request of a plaintiff in the California Litigation.  Dr. Malyugin executed the declaration in Moscow.  *Id*. at ¶2.  On March 27, 2018, Defendants' attorney, Steven N. Feldman, sent Dr. Malyugin an email in Russia attaching copy of a notice of deposition seeking to take Dr. Malyugin's deposition in Washington, D.C. on April 17, 2018 at 9:00 a.m.  *Id*. at ¶3 and Exh. A thereto. On April 9, 2018, Mr. Feldman sent Dr. Malyugin another email stating stated that he learned that Dr. Malyugin would be in Washington D.C. for a conference later the week of April 9, 2018 and early the following week and that if Dr. Malyugin did not appear for a deposition voluntarily he would supoena Dr. Malyugin during the conference "which would compel your attendance." *Id.* at ¶5 and Exh. B thereto.

Dr. Malyugin was served with the attached subpoena on Sunday, April 15, 2018 at approximately 3:00 p.m.   First Malyugin Dec. (Att. 1) at ¶2 and Exh. B thereto.  Almost immediately thereafter, Mr. Feldman emailed Dr. Malyugin stating that his "failure to appear at this deposition on Tuesday would violate the subpoena," and that Dr. Malyugin could face "criminal contempt and personal liability for monetary sanctions" if he fails to appear.

> We were forced to serve you with this subpoena because you did not respond to my several prior e-mails that informed you of the deposition and transmitted to you a Notice of Deposition for the same date.  Your failure to appear at this deposition on Tuesday would violate the subpoena and therefore could subject you to a court finding of criminal contempt and personal liability for monetary sanctions (such as attorneys' fees and costs that are reasonably incurred as a result of your failure to appear).
>
> However, as I stated in my prior correspondence, we prefer working with you in good faith to find a mutually-agreeable time for a deposition in the next four weeks.  **Please respond to this e-mail no later than Monday, April 16, 2018, 12pm ET if you will NOT attend the deposition on Tuesday and are willing to schedule an alternative**

> **date and time.**  If you do not respond by this time, we will assume that you are attending the deposition on Tuesday, April 17.

*Id*. at Exh. C (emphasis in the original).  Mr. Feldman's email is highly misleading because it represents that his subpoena is legally valid, which it is not, and is clearly designed to intimidate Dr. Malyugin by threatening the imposition of criminal sanctions if he fails to appear at the deposition.

## II.     LEGAL STANDARDS

Rule 45(d)(3)(A)(i), (ii) and (iv) provide the governing legal standard for quashing the subpoena.  It states:

> (A)  *When Required*.  On timely motion, the court for the district where compliance is required **must quash or modify** a subpoena that:
>
> (i)     fails to allow a reasonable time to comply;
>
> (ii)    requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii)   requires a disclosure of privileged or other privileged matter, if no exception or waiver applies; or
>
> (iv)    subjects a person to undue burden.

(Emphasis added.)  See, e.g., *Ht S.R.L. v. Velasco*, 125 F. Supp. 3d 211, 219 (D.D.C. 2015) (stating that the court "must quash or modify" a subpoena that does not comply with the requirements of Rule 45(d)(3), including a failure to comply with the 100-mile geographic limitation of Rule 45(c)).

## III.    ARGUMENT

Defendants' subpoena violates three independent requirements of Rule 45(d)(3)(A) and must be quashed.  Any of one of these violations provides good and sufficient grounds for quashing the subpoena.

First, the subpoena does not allow "a reasonable time to comply."  The subpoena was served on Dr. Malyugyin less than two days before the deposition. This court, as well as many federal courts in other states, has held that such short notice is unreasonable.  See, e.g., *Judicial Watch, Inc. v. United States*, 34 F. Supp. 2d 47, 49-50 (1998) (D.D.C.) (stating that "[i]t is nevertheless true, however, that Ms. Lew was entitled to object to a subpoena served only one or two days before her scheduled deposition."); *Brown v. Hendler*, 2011 U.S. Dist. LEXIS 9476 (S.D.N.Y. Jan. 11, 2011) ("Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable" and that "compliance times of eight and seven days not to be reasonable."); see also D.C. Local Rule 30.1 stating that service of a notice of deposition seven days in advance "shall constitute 'reasonable notice' to a party as required by Fed. R. Civ.P. 30(b)."

Second, Rule 45(c)(1)(A) permits a subpoena to command a person to attend a deposition only within 100 miles of "where the person resides, is employed, or regularly transacts business in person.  Dr. Malyugin resides and works in Moscow.  As stated in by his Second Declaration he does not reside, is not employed, and does not regularly transact business in person in Washington, D.C.  His brief visit to Washington, D.C. to attend a conference does not subject him to subpoena while he is here.

Third, the subpoena subjects Dr. Malyugin to an "undue burden" in light of his conference schedule which requires that he participate in five separate sessions on the same day that he is supposed to appear for deposition.  Dr. Malyugin's schedule for Tuesday, April 17th is as follows:

| Role | Presentation Time |
|---|---|
| Presenting author | 8:00 a.m. to 8:22 a.m. |
| Co-instructor | 8:00 a.m. to 9:30 a.m. |
| Co-instructor | 9:30 a.m. to 11:00 a.m. |
| Co-instructor | 10:00 a.m. to 11:30 a.m. |
| Presenting author | 1:58 p.m. to 2:03 pm. |

First Malyugin Dec. at ¶2 (Att. 1) and Exh. 1 thereto.  It would be impossible for Dr. Malyugin to participate in these sessions, three of which directly conflict with the time for his deposition, and thus the subpoena imposes an "undue burden."

Further, Defendants' demand that Dr. Malyugin produce documents in response to a sweeping set of document requests on less than two days' notice and at a place that is thousands of miles from where the documents are located imposes an impossible burden.[2]  To identify just one example of the scope of Defendants' document request, Request No. 10 seeks "[a]ll documents and communications relating to any product or apparatus you have designed or contributed to designing in the field of IOL.  *Id*. at Exh. 2.[3]

For all of the above reasons, this Court should quash the subpoena.  Further, if the Court determines, as it should, that Defendants' counsel violated Rule 45, the Court is "required" to "impose an appropriate sanction."  Rule 45(d)(1) states:

> (1) *Avoiding Undue Burden or Expense; Sanctions*.  A party or attorney responsible for issuing and serving a subpoena **must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena**. **The court for the district where compliance is required must enforce this duty and impose an appropriate sanction** – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.  (Emphasis added.)

---

[2] The deposition notice that Mr. Feldman email to Dr. Malyugin did not include a request for the production of documents.

[3] "IOL's" are interocular lenses.

Defendants' counsel violated Rule 45 by serving an invalid subpoena and threatening that Dr. Malyugin could be subject to "a court finding of criminal contempt and personal liability" if he failed to appear at the deposition. In the face of this threat, Dr. Malyugin had no alternative but to incur the expense and burden in the midst of a busy conference to engage counsel to prepare papers to move to quash the subpoena in order to avoid the threatened risk of a criminal contempt finding.   In such circumstances, this Court should act pursuant to the mandatory sanctions requirement of Rule 45(d)(1) by requiring that Defendants' counsel pay Dr. Malyugin's reasonable attorneys' fees.

## CONCLUSION

For all of the foregoing reasons, this Court should quash the subpoena and award Dr. Malyugin his reasonable attorneys' fees with respect to this motion to quash.

Respectfully submitted,

/s/_____
Stephen H. Marcus (D.C. Bar No. 394419)
The Marcus Firm, PLLC
1730 Rhode Island Avenue, N.W., Suite 713
Washington, D.C.  20036
Tel:  202-776-0390
Fax: 202-776-0394
stephen@marcusfirm.com

Lawrence Cogswell
Susan G.L. Glovsky
Hamilton, Brook, Smith & Reynolds, P.C.
155 Seaport Blvd.
Boston, MA 02210
Tel: 617-607-5900
lawrence.cogswell@hbsr.com

April 16, 2018    susan.glovsky@hbsr.com

*Attorneys for Non-Party Dr. Boris Malyugin*