# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re* **Third Party Subpoena to Boris Malyugin, M.D. Ph.D.** | Case No. 1:18-mc-00049 (TNM) |
| **ICONLAB INC.** *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**VALEANT PHARMACEUTICALS INTERNATIONAL, INC.** *et al.*,<br><br>Defendants. | Case No. 8:16-cv-01321-LJS-KES |

## MEMORANDUM ORDER

Dr. Boris Malyugin, a Russian national, seeks to quash a third-party subpoena served on him on April 15, 2018 noticing a deposition and the production of documents for April 17, 2018. Mem. in Supp. of Emergency Mot. to Stay and Quash Third-Party Subpoena ("Mot. to Quash") 2, 8, ECF No. 1-1. Because the subpoena was served two days prior to the deposition, and compliance will require Dr. Malyugin to travel more than 100 miles from where he resides, is employed, or regularly transacts business in person, the motion to quash is granted. *See* Fed. R. Civ. P. 45(d)(3)(A)(i)-(ii). This Order is issued without prejudice for the parties seeking the testimony and evidence to re-serve Dr. Malyugin with a subpoena in compliance with Rule 45.

In November 2016, Dr. Malyugin executed a declaration in the ongoing matter of *Iconlab Inc. et al. v. Valeant Pharms. Int'l, Inc. et al.*, 8:16-cv-01321, in the United States District Court for the Central District of California. Defs.' Opp. to Mot. to Quash ("Defs.' Opp") Ex. 5, ECF

No. 2-6. The Second Amended Complaint, the operative Complaint, identifies Dr. Malyugin by name a multitude of times and seems to incorporate the information contained in Dr. Malyugin's declaration. *See id.* Ex. 4, ECF No. 2-5. Because of this, several defendants (the "Defendants") in the underlying litigation sought, starting on March 22, 2018, to depose Dr. Malyugin and sent him and the plaintiffs in the underlying litigation a series of communications about his deposition. Defs.' Opp. 6-7. Dr. Malyugin did not respond to these communications. *Id.* Once the Defendants learned that Dr. Malyugin was scheduled to be in the United States—more specifically, in the District of Columbia—for the annual meeting of the American Society of Cataract and Refractive Surgery and the American Society of Ophthalmic Administrators (to be held April 13, 2018 to April 17, 2018), the Defendants executed and served Dr. Malyugin with a subpoena noticing his deposition for April 17, 2018. Defs.' Opp. 7-8; Mot. to Quash 1-2.

Rule 45(d)(3)(A) requires a court to "quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person [with one exception not relevant here]; (iii) requires disclosure of privileged or other protected matter . . . ; or (iv) subjects a person to undue burden." Subparts (i) and (ii) are relevant here. The subpoena was served on Dr. Malyugin on April 15, 2018, two days prior to the date of compliance. Two days' notice is plainly unreasonable. *See, e.g.*, *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 34 F. Supp. 2d 47, 49-50 (witness entitled to object to a subpoena served one or two days before the scheduled deposition); Rules of the United States District Court for the District of Columbia Civil Rule 30.1 ("Service of a deposition seven days in advance of the date set for taking the deposition shall constitute 'reasonable notice' to a party as required by Fed. R. Civ. P. 30(b)"). Though the Defendants made good faith efforts to seek

discovery from Dr. Malyugin through email and other communications as early as March 22, 2018, service was not made until April 15, 2018.  Unfortunately for the Defendants, attempted service or negotiations to effect service are insufficient.  The primary case cited by both parties, *Brown v. Hendler*, 2011 WL 321139 at *2 (S.D.N.Y. Jan. 31, 2011), involved a scenario where the potential witness was served with nine days to comply.  *See* Mot. to Quash 6; Defs.' Opp. 9-10.  The district court in that case noted that "many courts have found fourteen dates *from the date of service* as presumptively reasonable." *Id.* (emphasis added).  Thus, the subpoena fails to allow a reasonable time to comply.  *See* Fed. R. Civ. P. 45(d)(3)(A)(i).

While Dr. Malyugin is presently in the District of Columbia and therefore would not currently need to "travel more than 100 miles from where that person resides, is employed, or regularly transactions business in person [in this case, the Russia Federation]," his stay in the District of Columbia is temporary.  *See* Mot. to Quash 1-2 (the annual meeting for which Dr. Malyugin is in the District of Columbia ends on April 17, 2018).  It is apparently uncontested that he lives and works in Russia.  *See generally* Defs.' Opp.  In light of Rule 45(d)(3)(A)(i)'s requirement that a subpoena provide a reasonable amount of time to comply, re-noticing the deposition with a reasonable timeframe for compliance may then violate Rule 45(d)(3)(A)(ii)'s geographical constriction.

The Defendants argue that the subpoena can be modified to give Dr. Malyugin a reasonable time to comply, and that the Defendants are amenable to other measures to lessen any burden on Dr. Malyugin's compliance.  Defs.' Opp. 13 (noting the Defendants' willingness to conduct the deposition by video conference and the document production by electronic means).  While this Circuit has expressed "the importance of the modification alternative" and instructed courts in this District to "carefully examine the circumstances presented to it and, when

appropriate, consider the possibility of modifying the subpoena rather than quashing," *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984), the circumstances in this case are unique: service was effected only two days before the subpoena was due, Dr. Malyugin is a Russian citizen, he resides and works in Russia, and he is only in the District of Columbia briefly to attend a professional conference. *See* Mot. to Quash. 6. Under these circumstances, modification of the subpoena would be ineffectual to bring it into conformance with Rule 45's requirements. While the Defendants suggest that this Court should follow the lead of *Probulk Carriers Ltd. v. Marvel Int'l Mgmt. and Transp.*, 180 F. Supp. 3d 290, 292, 294 (S.D.N.Y. 2016), in which a subpoena served on a Turkish resident was modified by the court to allow for the deposition to occur in Turkey, that case did not apparently involve a violation of the reasonable notice provision of Rule 45, and the case already involved significant international components that are absent in the current case. It is not immediately clear to the Court that a deposition in Russia is either acceptable to the Defendants or lawful under the circumstances of the current case. The Defendants, however, should not interpret this Order as prohibiting re-serving Dr. Malyugin with a subpoena in compliance with Rule 45.

Last, Dr. Malyugin seeks sanctions on the Defendants under Rule 45(d)(1). I do not find that sanctions are warranted. Given the declaration that Dr. Malyugin executed which attested to having personal knowledge of the facts in the declaration and his ability to "competently testify thereto as if called as a witness in this proceeding," and the numerous references to Dr. Malyugin in the Second Amended Complaint, he is clearly a relevant witness in the underlying litigation. *See* Defs.' Opp. Exs. 4-5; Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."). The Defendants have persistently and in good faith contacted Dr. Malyugin and/or the plaintiffs in the underlying

4

matter to arrange a deposition at a mutually agreeable time and place without court intervention. *See, e.g.*, Defs.' Opp. Ex. 14, ECF No. 2-15. The Defendants have consistently indicated their willingness to work with Dr. Malyugin to obtain the information they seek, including potentially withdrawing the subpoena altogether if Dr. Malyugin does not intend to submit further evidence or to testify in the underlying litigation. *Id.* These are "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *See* Fed. R. Civ. P. 45(d)(1). Because sanctions are only authorized under Rule 45 for unduly burdensome subpoenas, and I do not find the subpoena to be unduly burdensome—regardless of its other obvious defects—sanctions are not appropriate.

For the foregoing reasons, it is hereby

**ORDERED** that Dr. Malyugin's Motion to Quash is GRANTED. It is further

**ORDERED** that Dr. Malyugin's Motion to Stay is DENIED as moot.

Dated: April 17, 2018

TREVOR N. MCFADDEN
United States District Judge